IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DANNY LEE WARD, | § |
| Petitioner, | § § § |
| v. | §  2:13-CV-0238 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § |
| Respondent. | § § |

# REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Petitioner is presently incarcerated at the Hughes Unit in Gatesville, Texas pursuant to two (2) convictions out of Randall County, Texas (aggravated robbery with a deadly weapon and robbery) and the resultant twenty-three year and seventeen-year sentences assessed in each case. For the reasons set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DISMISSED as time barred.

## I.
## PROCEDURAL HISTORY

Petitioner was indicted in Randall County, Texas on two counts of aggravated robbery. A jury found petitioner guilty in count one of the lesser included offense of robbery and guilty in count two of the charged offense of aggravated robbery. The jury assessed punishment of seventeen

and twenty-three years imprisonment, such sentences to run concurrently.

Petitioner filed an appeal with the Seventh Court of Appeals of Texas, and that court affirmed petitioner's conviction on March 31, 2010. Ward then filed a state writ of habeas corpus and was granted permission to file an out-of-time petition for discretionary review. The petition for discretionary review was refused on April 6, 2011. Ward filed five additional state writ applications, all of which were either denied or dismissed. Ward filed this federal petition on November 22, 2013.

## II.
## ALLEGATIONS

Petitioner alleges his conviction violates his rights under the United States Constitution because:

1. His appellate counsel was ineffective for failing to investigate his case;

2. He was charged by a defective indictment; and

3. The trial court committed error by depriving him of the opportunity to call a certain witness.

## III.
## THE PETITION IS NOT TIMELY FILED

*A. Time Limitations*

Petitioner filed his petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). His claim is therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). The pertinent provisions of the statute state:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

court. The limitation period shall run from the latest of –

>   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

>           *B. The Time Line in Petitioner's Case Under 28 U.S.C. § 2244(d)(1)(A)*

According to the habeas corpus petition, the date of the judgment of conviction in both of petitioner's cases was March 25, 2009. His direct appeal to the state appellate court was affirmed on March 31, 2010. His petition for discretionary review was refused April 6, 2011. The judgment became final on July 5, 2011 when the time for filing a petition for certiorari with the United States Supreme Court expired. Absent any tolling, the one-year AEDPA limitations period would have expired on July 5, 2012.

Petitioner's first state habeas corpus application was granted as a request to file an out-of-time petition for discretionary review. Petitioner filed his second state application on July 4, 2011, and the petition was denied without written order on October 5, 2011. *Ex Parte Ward*, WR-74,504-2. Petitioner filed his third state applicatoin on June 3, 2012, and it was dismissed as successive on August 22, 2012. *Ex Parte Ward*, WR-74,502-3. Petitioner filed his fourth state application on July 12, 2012, during the pendency of his third writ, and it was dismissed as successive on September 26, 2012. *Ex Parte Ward*, WR-74,502-4. Ward filed his fifth state application on October 6, 2012, and it was dismissed as successive on January 16, 2013. *Ex Parte Ward*, WR-

74,502-5.  Ward filed his sixth and final state application on March 28, 2013, and it was dismissed as successive on June 19, 2013.  Ward filed this petition on November 22, 2013.

After petitioner's second state application was dismissed on October 5, 2011, 242 days out of petitioner's one-year limitations period ran before he filed his third application.  After petitioner filed his third habeas application on June 3, 2012, petitioner's limitation period was tolled for a period of 116 days while his third and fourth applications were before the Court of Criminal Appeals.  After the dismissal of Ward's fourth application on September 26, 2012, ten days passed before petitioner filed his fifth application on October 6, 2012.  Ward's limitations period was again tolled for one hundred and three days until the fifth application was dismissed on January 16, 2013.  Seventy days elapsed before petitioner filed his sixth application on March 28, 2013.  Ward's limitations period was then tolled for eighty-four days until his sixth habeas application was dismissed on June 19, 2013.  One hundred and fifty-six days passed between the dismissal of petitioner's sixth state application and the filing of this petition.  In total, 478 untolled days passed between petitioner's conviction becoming final and the filing of this federal petition resulting in petitioner exceeding the time allowed for the filing of his federal petition by over 100 days.  Because Ward failed to timely file his habeas petition, it is the opinion of the undersigned that the petition should be dismissed as time barred.

*C. Petitioner's Case Under 28 U.S.C. § 2244(d)(1)(B)-(D)*

Regarding the other subsections of § 2244(d)(1), petitioner makes no claim the other subsections are applicable, has left the applicable paragraph in his petition blank, and has not responded to the respondent's answer arguing for dismissal.  Likewise, the applicability of those subsections is not apparent from this court's review.  Petitioner's claims should be dismissed as time barred.

## V.
## RECOMMENDATION

The claims petitioner has presented in his petition are time barred. It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner DANNY LEE WARD be DISMISSED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____28th____ day of May 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).